IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-CR-356-D
No. 5:26-CV-29-D

| | | |
|---|---|---|
| RODNEY LATRELL LEWIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

On January 21, 2026, Rodney Latrell Lewis ("Lewis" or "petitioner") moved under 28 U.S.C. § 2255 to vacate, set aside, or correct his 195-month sentence [D.E. 379]. On the same day, the court directed Lewis to file his motion on the proper form [D.E. 380]. On February 13, 2026, Lewis filed his motion on the proper form with certain pages missing [D.E. 381]. On March 13, 2026, Lewis filed his completed motion [D.E. 382]. On April 20, 2026, the United States moved to dismiss Lewis's motions [D.E. 386] and filed a memorandum in support [D.E. 387]. See Fed. R. Civ. P. 12(b)(6). On June 1, 2026, Lewis responded in opposition [D.E. 390] and moved for appointment of counsel [D.E. 391]. As explained below, the court grants the United States' motion to dismiss Lewis's section 2255 motions, dismisses Lewis's section 2255 motions, denies a certificate of appealability, and denies Lewis's motion for appointment of counsel.

I.

On August 28, 2019, a grand jury in the Eastern District of North Carolina charged Lewis with conspiring to distribute and possess with the intent to distribute 50 grams or more of methamphetamine (count one), distributing 50 grams or more of methamphetamine and aiding and

abetting (count nine), and possessing a firearm in furtherance of a drug trafficking crime (count ten). See [D.E. 1] 1–2, 4. On January 7, 2020, with a written plea agreement, Lewis pleaded guilty to counts nine and ten. See [D.E. 119]; [D.E. 122]; Rule 11 Tr. [D.E. 267] 1–29.

On June 8, 2020, the court held Lewis's sentencing hearing. See [D.E. 192]; Sent'g Tr. [D.E. 265]. The court adopted the facts as set forth in the Presentence Investigation Report ("PSR") and overruled Lewis's objection to the PSR. See PSR [D.E. 161]; Sent'g Tr. 4–8; [D.E. 204] 1. The court calculated Lewis's total offense level to be 33, his criminal history category to be I, and the advisory guideline range to be 135 to 168 months' imprisonment on count nine and 60 months' consecutive imprisonment on count ten. See PSR ¶¶ 72–82, 85; Sent'g Tr. 8; [D.E. 203] 2; [D.E. 204] 1. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Lewis to 135 months' imprisonment on count nine and 60 months' consecutive imprisonment on count ten. See Sent'g Tr. 8–17; [D.E. 203] 1. On October 9, 2020, Lewis appealed. See [D.E. 255]. On July 20, 2021, the United States Court of Appeals for the Fourth Circuit vacated Lewis's sentence and remanded for resentencing because of an issue "with respect to two discretionary conditions related to Lewis'[s] finances." United States v. Lewis, 853 F. App'x 841, 842 (4th Cir. 2021) (per curiam) (unpublished).

On November 15, 2021, the court resentenced Lewis. See [D.E. 303]; Resent'g Tr. [D.E. 313] 2–20. The court again calculated Lewis's total offense level to be 33, his criminal history category to be I, and the advisory guideline range to be 135 to 168 months' imprisonment on count nine and 60 months' consecutive imprisonment on count ten. See PSR ¶¶ 72–82; Resent'g Tr. 6; [D.E. 308] 1. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court again sentenced Lewis to 135 months' imprisonment on count nine and 60 months' consecutive imprisonment on count ten. See Resent'g Tr. 6–20; [D.E. 307] 3. On November 15,

2

2021, Lewis appealed. See [D.E. 304]. On October 13, 2022, the Fourth Circuit granted the United States' motion to dismiss Lewis's appeal as barred by the appellate waiver in Lewis's plea agreement and dismissed Lewis's appeal. See [D.E. 314] 1.

II.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted" tests a petition's legal and factual sufficiency. Fed. R. Civ. P. 12(b)(6); see Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63, 570 (2007); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a petition's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (citation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201(d); Tellabs, Inc. v. Makor Issues & Rts., Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

In reviewing a section 2255 petition, the court is not limited to the petition itself. The court may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013); United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993). Likewise, a court may rely on its own familiarity with the case. See, e.g., Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977).

Lewis's section 2255 motion is untimely. Section 2255 "imposes tight procedural constraints." Fernandez v. United States, 146 S. Ct. 1292, 1300 (2026). Section 2255(f) contains

3

a one-year statute of limitations. See 28 U.S.C. § 2255(f). Section 2255(f) provides that the one-year clock is triggered by one of four conditions, whichever occurs last:

> (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id. § 2255(f)(1)–(4); see Fernandez, 146 S. Ct. at 1300; Johnson v. United States, 544 U.S. 295, 299–300 (2005); United States v. Green, 67 F.4th 657, 663 (4th Cir. 2023); Whiteside v. United States, 775 F.3d 180, 182–83 (4th Cir. 2014) (en banc). Under section 2255(f)(1), after an unsuccessful appeal, a "judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." Clay v. United States, 537 U.S. 522, 525 (2003); see United States v. Brown, 868 F.3d 297, 301 (4th Cir. 2017). Lewis's judgment of conviction became final no later than January 11, 2023, 90 days after the Fourth Circuit entered judgment on October 13, 2022. See Sup. Ct. R. 13(1); Clay, 537 U.S. at 525; [D.E. 315]. Thus, Lewis had to file his section 2255 motion by January 11, 2024, but he waited until January 21, 2026. See [D.E. 379] 10.[1]

In opposition to this conclusion, Lewis argues that he filed his motion within one year of the date on which the facts underlying his claims could have been discovered with due diligence. See [D.E. 382] 12. But Lewis's claims concern the Rule 11 proceeding and his sentencing hearings. See id. at 5–6. Lewis attended, observed, and participated in those proceedings. See Rule 11 Tr. 2–29; Sent'g Tr. 2–20; Resent'g Tr. 2–20. Lewis also does not plausibly allege that

---

[1] The same conclusion applies even if the court uses December 17, 2025, which is the date on Lewis's section 2255 motion. Cf. Houston v. Lack, 487 U.S. 266, 275–76 (1988).

4

he could not have discovered any fact underlying his motion by January 11, 2024. Cf. [D.E. 379, 381]; 28 U.S.C. § 2255(f)(4).

Lewis also argues that he is entitled to equitable tolling. See [D.E. 382] 12. Nothing in the record suggests that equitable tolling applies. See Holland v. Florida, 560 U.S. 631, 649–54 (2010); United States v. Herrera-Pagoada, 14 F.4th 311, 318–19 (4th Cir. 2021); Whiteside, 775 F.3d at 184–86; Rouse v. Lee, 339 F.3d 238, 246–47 (4th Cir. 2003) (en banc). "[T]o be entitled to equitable tolling, an otherwise time-barred petitioner must present (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (quotation omitted); see Herrera-Pagoada, 14 F.4th at 318; Holland, 560 U.S. at 649–54. Lewis has not plausibly alleged extraordinary circumstances. See, e.g., Holland, 560 U.S. at 649–54; Herrera-Pagoada, 14 F.4th at 319; Whiteside, 775 F.3d at 184–86; United States v. Sawyer, 552 F. App'x 230, 232 (4th Cir. 2014) (per curiam) (unpublished); Faulkner v. United States, No. 7:11-CR-11, 2016 WL 816785, at *2 (E.D.N.C. Feb. 29, 2016) (unpublished). Accordingly, the court grants the government's motion to dismiss Lewis's section 2255 motion as untimely.

Alternatively, Lewis's ineffective assistance of counsel claims are meritless. The "Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (cleaned up). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding, including plea negotiations, trial, sentencing, and appeal. See, e.g., Lee v. United States, 582 U.S. 357, 363–65 (2017); Lafler v. Cooper, 566 U.S. 156, 164–65 (2012); Missouri v. Frye, 566 U.S.

5

134, 140 (2012); Glover v. United States, 531 U.S. 198, 203–04 (2001); Hill v. Lockhart, 474 U.S. 52, 57–60 (1985).

To state a claim of ineffective assistance of counsel in violation of the Sixth Amendment, Lewis must plausibly allege that his attorney's performance fell below an objective standard of reasonableness and that he suffered prejudice as a result. See Strickland v. Washington, 466 U.S. 668, 687–91 (1984). When determining whether counsel's representation was objectively unreasonable, a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects of hindsight." Id. at 689. Therefore, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. As for performance, a party must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687.

"Surmounting Strickland's high bar is never an easy task." Harrington v. Richter, 562 U.S. 86, 105 (2011) (citation omitted). "An ineffective-assistance claim can function as a way to escape rules of waiver and forfeiture and raise issues not presented at trial, and so the Strickland standard must be applied with scrupulous care, lest intrusive post-trial inquiry threaten the integrity of the very adversary process the right to counsel is meant to serve." Id. (cleaned up). The "standard for judging counsel's representation is a most deferential one." Id. "Unlike a later reviewing court, the attorney observed the relevant proceedings, knew of materials outside the record, and interacted with the client, with opposing counsel, and with the judge." Id. "It is all too tempting to second-guess counsel's assistance after conviction or adverse sentence. The question is whether an attorney's representation amounted to incompetence under prevailing professional norms, not whether it deviated from best practices or most common custom." Id. (cleaned up).

6

A person asserting an ineffective assistance of counsel claim also must show that counsel's deficient performance was prejudicial. See Strickland, 466 U.S. at 691–96. A person does so by showing that there is a "reasonable probability that, but for" the deficient performance, "the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. The Supreme Court based this "additional 'prejudice' requirement" on the "conclusion that 'an error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment.'" Hill, 474 U.S. at 57 (quoting Strickland, 466 U.S. at 691).

In assessing prejudice, Strickland "asks whether it is 'reasonably likely' the result would have been different." Harrington, 562 U.S. at 111 (quoting Strickland, 466 U.S. at 696). Strickland "does not require a showing that counsel's actions 'more likely than not altered the outcome,' but the difference between Strickland's prejudice standard and a more-probable-than-not standard is slight and matters 'only in the rarest case.'" Harrington, 562 U.S. at 111–12 (quoting Strickland, 466 U.S. at 693, 697). "The likelihood of a different result must be substantial, not just conceivable." Id. at 112 (citation omitted).

When a defendant pleads guilty and later attacks his guilty plea, "to satisfy the prejudice requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59 (quotations omitted); see Lee, 582 U.S. at 364–65. "[S]uch an individual 'must convince the court' that such a decision 'would have been rational under the circumstances.'" United States v. Fugit, 703 F.3d 248, 260 (4th Cir. 2012) (quoting Padilla v. Kentucky, 559 U.S. 356, 372 (2010)). "Surmounting Strickland's high bar is never an easy task, and the strong societal interest in finality

7

has special force with respect to convictions based on guilty pleas." Lee, 582 U.S. at 368–69 (cleaned up).

"Requiring a showing of prejudice from defendants who seek to challenge the validity of their guilty pleas on the ground of ineffective assistance of counsel [serves] the fundamental interest in the finality of guilty pleas . . . ." Hill, 474 U.S. at 58 (quotations omitted). "Every inroad on the concept of finality undermines confidence in the integrity of our procedures; and, by increasing the volume of judicial work, inevitably delays and impairs the orderly administration of justice." Id. (citation omitted). "The impact is greatest when new grounds for setting aside guilty pleas are approved because the vast majority of criminal convictions result from such pleas." Id. (citation omitted).

"[I]f a defendant alleges that he has accepted a government plea offer based on the erroneous advice of counsel, but entered that plea only after the misadvice was corrected by the trial court at the Rule 11 hearing, then he will not be able to show the necessary causal link between counsel's error and his decision to plead guilty." United States v. Mayhew, 995 F.3d 171, 179–80 (4th Cir. 2021) (cleaned up); see United States v. Yelizarov, 140 F.4th 597, 604–05 (4th Cir. 2025), cert. denied, 146 S. Ct. 345 (2025); United States v. Akande, 956 F.3d 257, 262–63 (4th Cir. 2020); United States v. Foster, 68 F.3d 86, 88 (4th Cir. 1995). "Generally, a court should dismiss a claim in a [section] 2255 motion that contradicts a petitioner's sworn statements made during a Rule 11 plea colloquy." Yelizarov, 140 F.4th at 605; see United States v. Lemaster, 403 F.3d 216, 219–22 (4th Cir. 2005).

Lewis claims that his counsel was ineffective because his counsel did not inform him that his charge for possessing a firearm in furtherance of a drug trafficking crime required proving that the firearm was possessed in furtherance of a drug trafficking crime. See [D.E. 382-1] 1. The

8

record belies Lewis's claim. See [D.E. 387] 6; [D.E. 122] 20–21; cf. Resent'g Tr. 7–11. Moreover, even assuming deficient performance, Lewis cannot demonstrate prejudice. See [D.E. 387] 6–9.

Lewis next contends that his counsel was ineffective for failing to "require the government to present testimony or other evidence to establish that [Lewis] recklessly created a substantial risk of death or serious bodily injury during flight" to support an enhancement under U.S.S.G. § 3C1.2. [D.E. 382-2] 1. When investigators apprehended Lewis, he "resisted verbal commands," "became physically combative," "pushed away an officer," and "reached for a handgun in his pocket." PSR ¶ 18. Lewis's counsel objected to the enhancement. See Sent'g Tr. 4–5. During the sentencing hearing, Lewis's counsel explained that he spoke to the government's witness before the hearing and he did not "see a need to put him on the stand and . . . say the facts alleged are accurate as to what his testimony would be." Id. Lewis does not plausibly allege deficient performance or prejudice. See [D.E. 387] 9–11. Lewis's counsel made a reasonable and strategic decision to avoid focusing the court's attention at the outset of the sentencing hearing on Lewis's horrible offense conduct after investigating the officer's proffered testimony. Cf. Strickland, 466 U.S. at 690 (describing strategic decisions of counsel after a reasonable investigation of the law and facts, as "virtually unchallengeable"). Thus, even if Lewis timely filed his section 2255 motion, the court would dismiss it as meritless.

As for Lewis's motion for appointment of counsel, no right to counsel exists in habeas corpus actions. See, e.g., Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); Mackall v. Angelone, 131 F.3d 442, 446–47 (4th Cir. 1997) (en banc). Nonetheless, the court may appoint counsel if it determines that "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B); see Jenkins v. Woodard, 109 F.4th 242, 247 (4th Cir. 2024). Lewis's motion does not present legally complex

9

issues. Lewis has adequately set forth his claims and has the capacity to present those claims. Thus, the interests of justice do not require the appointment of counsel. Accordingly, the court denies Lewis's motion for appointment of counsel.

After reviewing the claims presented in Lewis's motion, the court finds that reasonable jurists would not find the treatment of Lewis's claims debatable or wrong, and that the claims do not deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

### III.

In sum, the court GRANTS respondent's motion to dismiss [D.E. 386], DISMISSES petitioner's section 2255 motions [D.E. 379, 381, 382], DENIES petitioner's motion for appointment of counsel [D.E. 391], and DENIES a certificate of appealability.

SO ORDERED. This 13 day of July, 2026.

JAMES C. DEVER III
United States District Judge

10